# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| ANTONIO LIONEL HEAD, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-5004 |
| | § | |
| DISTRICT COURT NO. 182, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Antonio Lionel Head, Harris County Jail SPN #02522966, filed this *pro se* section 1983 lawsuit against the Houston Police Department – Southeast Division, the "Houston Sheriff Department," the unnamed judge of the 182nd District Court of Harris County, "Google.com," and "Instagram.com." Plaintiff claims that the defendants violated his constitutional rights. He seeks ten million dollars in monetary damages, a reversal of his guilty plea conviction, and release from incarceration.

Having screened the lawsuit pursuant to section 1915, the Court DISMISSES this case for the reasons shown below.

### *Background and Claims*

Plaintiff claims that he was falsely arrested while begging for money after a child reported plaintiff had exposed himself. Plaintiff states that he ran from police during the arrest because he was in possession of a loaded crack pipe. He pleaded guilty to felony

indecency with a child by exposure on December 18, 2019, and was sentenced to two years' imprisonment in the Texas Department of Criminal Justice. He further complains that "Google.com" filmed him masturbating in jail, and names "Instagram.com" as a defendant because someone at a gas station said they saw him naked at a hospital.

## *Analysis*

*Section 1915*

When a prisoner proceeds *in forma pauperis* in a civil action, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim is factually frivolous if the alleged facts are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Hicks v. Garner*, 69 F.3d 22, 32–33 (5th Cir. 1995).

*Heck Bar*

Plaintiff seeks monetary damages against the Houston Police Department – Southeast Division and the "Houston Sheriff Department" for his allegedly unlawful arrest, prosecution, and guilty plea conviction. Because plaintiff's conviction has not been reversed or set aside, his claims for monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a claim for monetary damages which essentially challenges a plaintiff's existing conviction or imprisonment is not cognizable under 42 U.S.C. § 1983).

Plaintiff's claims for monetary damages against the Houston Police Department – Southeast Division and the "Houston Sheriff Department" are DISMISSED WITH PREJUDICE to being asserted again until the *Heck* conditions are met.[1] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*State Actors*

To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487

---

[1] The Court acknowledges that the Houston Police Department–Southeast Division has no legal capacity to be sued. The entity is a subdivision of the City of Houston, and is not subject to suit in its own name. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991) (noting that, as an agency or subdivision of the city, the police department could not be separately sued). The Court further notes that there is no "Houston Sheriff Department," only a Harris County Sheriff's Department. Assuming plaintiff had properly named the defendants, his claims would remain barred by *Heck*.

U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Thus, section 1983 claims must be brought against state actors, not private citizens.

Plaintiff does not plead any factual allegations demonstrating that "Google.com" and "Instagram.com" were state actors acting under color of state law, and no viable section 1983 claims are raised against them. Moreover, plaintiff's claims that these entities recorded his activities in jail and in a hospital and made the recordings available to the public online are factually frivolous as fanciful and delusional.

Plaintiff's section 1983 claims against "Google.com" and "Instagram.com" are DISMISSED WITH PREJUDICE for failure to state a viable claim under section 1983.

*Judicial Immunity*

Moreover, plaintiff may not proceed on his claims against the judge of the 182nd District Court of Harris County, Texas. A judge is entitled to absolute immunity from a claim for damages when the claim arises out of acts performed in the exercise of judicial functions. *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). Plaintiff pleads no factual allegations giving rise to a claim that the judge acted outside the exercise of his or her judicial functions or jurisdiction, and no viable section 1983 claim is raised.

Plaintiff's section 1983 claims against the judge of the 182nd District Court of Harris County, Texas, are DISMISSED WITH PREJUDICE as barred by judicial immunity and for failure to state a viable claim under section 1983.

*Threats*

Plaintiff asserts that jail officers pulled him out of his cell, took him downstairs, and threatened him because he was yelling. It is well settled that verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiff's claims premised on verbal threats by jail officers are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

*Habeas Claims*

Plaintiff seeks his release from incarceration premised on an unlawful prosecution and conviction. His claims sound in habeas. However, the Court will not consider plaintiff's habeas claims, as the claims are unexhausted.

Under 28 U.S.C. § § 2254(b)(1) and (c), a federal habeas petitioner must exhaust all available state court remedies before he may obtain federal habeas relief. Texas prisoners must present all of their habeas claims fairly and properly to the Texas Court of Criminal Appeals before seeking relief in federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where a petitioner shows there is an absence of available state corrective process or circumstances exist that render such process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

Plaintiff in this case does not allege, and public state court records do not show, that he has exhausted his federal habeas claims through state habeas proceedings properly filed with the Texas Court of Criminal Appeals. Further, plaintiff does not allege or show the absence of available state corrective process or circumstances that render such process ineffective. Consequently, his habeas claims are unexhausted and must be dismissed.

Plaintiff's habeas claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED.

### *Conclusion*

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiff's claims for monetary damages against the Houston Police Department – Southeast Division and the "Houston Sheriff Department" premised on an unlawful arrest, prosecution, and conviction are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met.

2. Plaintiff's claims against the judge of the 182nd District Court of Harris County, Texas, are DISMISSED WITH PREJUDICE as barred by judicial immunity.

3. Plaintiff's claims against "Google.com" and "Instagram.com" are DISMISSED WITH PREJUDICE for failure to state a viable claim under section 1983.

4. Plaintiff's claims premised on verbal threats by jail officers are DISMISSED WITH PREJUDICE for failure to state a viable claim under section 1983.

5. Plaintiff's habeas claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED.

6. Any and all pending motions are DISMISSED AS MOOT.

7. The dismissal of this lawsuit constitutes a "strike" for purposes of section 1915(g). If plaintiff accrues two more strikes under section 1915(g), he will be barred from proceeding *in forma pauperis* in any federal civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this order to plaintiff at his address of record. The Clerk will also provide a copy of this order by regular mail or e-mail to the TDCJ – Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 7871, and to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on February 21, 2020.

_____
Gray H. Miller
Senior United States District Judge